**United States District Court**
For the Northern District of California

**\*E-Filed: September 24, 2014\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JANET LEE LOTHIAN,

            Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

            Defendant.

_____/

No. C13-02997 HRL

**ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND GRANTING
DEFENDANT'S CROSS-MOTION
FOR SUMMARY JUDGMENT**

**[Re: Docket Nos. 18, 19]**

    Janet Lee Lothian appeals a final decision by the Commissioner of Social Security Administration denying her application for Supplemental Security Income pursuant to the Social Security Act. Presently before the court are the parties' cross-motions for summary judgment. The matter is deemed fully briefed and submitted without oral argument. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. Upon consideration of the moving papers, and for the reasons set forth below, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment.

**BACKGROUND**

    Plaintiff was born in 1959. Administrative Record ("AR") 27. She previously worked as a groundskeeper. AR 27. In March 2011, Plaintiff filed an application for Supplemental Security

Income ("SSI") payments under Title XVI of the Social Security Act.[1]  AR 18.  Plaintiff alleged disability beginning on March 9, 2011.  AR 18.  Plaintiff's claims were denied initially and upon reconsideration. AR 58-72.  At her request, she received a hearing before an Administrative Law Judge ("ALJ") on November 2, 2012, where she was represented by counsel.  AR 58-72.

The ALJ issued a written decision dated December 28, 2012.  AR 18-28.  The ALJ evaluated Plaintiff's claim of disability using the five-step sequential evaluation process for disability required under federal regulations.  AR 18-28; *see* 20 C.F.R. §§ 404.1520, 416-920.  Ultimately, the ALJ found that Plaintiff "has not been under a disability, as defined in the Social Security Act, since March 9, 2011, the date the application was filed."  AR 28.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her application date, March 9, 2011.  AR 20.  At step two, he found that plaintiff had the medically determinable impairments of degenerative disc disease of the lumbar spine with sciatica; and status post right foot fractures, healed, with residual discomfort and limited range of motion.  AR 20.  At step three, the ALJ concluded that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 22.  Accordingly, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of light work.  AR 22.  At step four, the ALJ found that Plaintiff was capable of performing jobs that exist in significant numbers in the national economy.  AR 27-28.  Accordingly, the ALJ found that she was not disabled.  AR 28.

The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.  AR 1-3.  Plaintiff now seeks judicial review of that decision.

## LEGAL STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the Commissioner's decision to deny benefits.  The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards.  *Morgan v.*

---

[1] Plaintiff withdrew her application for Social Security Benefits under Title II of the Social Security Act.

United States District Court
For the Northern District of California

1   *Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Moncada v. Chater*, 60 F.3d 521,

2   523 (9th Cir. 1995).  In this context, the term "substantial evidence" means "more than a mere

3   scintilla but less than a preponderance—it is such relevant evidence that a reasonable mind might

4   accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523; *accord Drouin v. Sullivan*,

5   966 F.2d 1255, 1257 (9th Cir. 1992).  When determining whether substantial evidence exists to

6   support the Commissioner's decision, the Court examines the administrative record as a whole,

7   considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257.  Where evidence

8   exists to support more than one rational interpretation, the Court must defer to the decision of the

9   Commissioner. *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1258.  "[T]he court will not reverse

10  the decision of the ALJ's decision for harmless error, which exists when it is clear from the record

11  that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v.*

12  *Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

## DISCUSSION

14      Plaintiff moves for an order either granting summary judgment in favor of Plaintiff holding

15  that Plaintiff was disabled under the Social Security Act, or remanding the case for a new hearing

16  because the final decision of the Commissioner was based on legal error and unsupported by

17  substantial evidence.  Specifically, Plaintiff contends that the ALJ erred by (1) failing to credit the

18  treating opinion of Nurse Practitioner Holly Bailey without articulating legitimate reasons for doing

19  so; and (2) failing to properly evaluate and credit Plaintiff's testimony and third party statements as

20  to the nature and extent of her functional limitations.

21      **A.  Opinion of Nurse Bailey**

22      Nurse Bailey opined that Plaintiff should never lift over 10 pounds; should never twist,

23  stoop, or crouch; only occasionally and slowly climb stairs; only use her arms to reach about 5% of

24  an eight-hour workday; and limit fine manipulation to 50% of an eight-hour workday.  In addition,

25  Nurse Bailey expressed the opinion that the pain Plaintiff experiences would frequently (at least

26  20% of the day) interfere with her attention and concentration, making her unable to perform even

27  simple work tasks.  AR 497-99.  The ALJ gave little weight to Nurse Bailey's opinion, finding that

28

**United States District Court**
For the Northern District of California

1    "[t]he objective evidence in the record does not support the level of severity that nurse practitioner

2    Bailey assigns."  AR 26.

3          Plaintiff argues that the ALJ failed to credit the treating opinion of Nurse Bailey without

4    articulating legitimate reasons for doing so.  Plaintiff argues that even though Nurse Bailey was not

5    a doctor, opinions such as hers from "other medical sources" can be used to show the severity of the

6    individual's impairments and how it affects her ability to function.  According to Plaintiff, the

7    substantial evidence of record supports the functional limitations assessed by Nurse Bailey.

8    Plaintiff argues that her opinion was the most recent on record, and therefore the most probative.  In

9    addition, Plaintiff argues that the ALJ improperly accorded greater weight to Dr. Wainner's opinion

10   than to Nurse Bailey's opinion.  Plaintiff argues that Dr. Wainner incorrectly stated that a

11   "consultative examination" took place, never examined Plaintiff, and did not consider the opinion of

12   Nurse Bailey or the radiological evidence from 2012 (Dr. Wainner's opinion predated Nurse

13   Bailey's opinion and the 2012 radiological evidence).

14         The ALJ's RFC assessment was supported by substantial evidence—Dr. Wainner's and Dr.

15   Nasrabadi's opinions.  Dr. Wainner and Dr. Nasrabadi reviewed Plaintiff's medical records, which

16   included MRIs, x-rays, and other objective findings, and opined that Plaintiff was capable of light

17   work.  AR 27, 440-47; 475-76.  Dr. Nasrabadi specifically discussed his review of objective

18   findings and the inconsistencies between those findings and Plaintiff's claim of total disability.  AR

19   476-77.  *See* 20 C.F.R. § 416.927(e)(2)(i); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)

20   ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence

21   when the opinions are consistent with independent clinical findings or other evidence in the

22   record.").  In addition, Dr. Nasrabadi opined that there was no medical evidence other than the

23   statement by Nurse Bailey to support Plaintiff's claim of disability.  AR 476.  The ALJ assigned

24   "considerable weight" to Dr. Wainner's and Dr. Nasrabadi's opinions because "they are well-

25   supported by the objective findings at the consultative exam and consistent with the claimant's

26   medical records."  AR 27.  *See* 20 C.F.R. § 416.927(e) (more weight is properly given to an opinion

27   that is more consistent with the record as a whole).

28

4

1    Although Dr. Wainner incorrectly stated that a "consultative examination" took place, the

2    ALJ was nonetheless aware that no consultative examination had taken place.  Plaintiff refused to

3    appear at the consultative examination that the ALJ ordered and the ALJ did not reference any

4    consultative examination in his discussion of the medical evidence.  AR 491, 600.  Therefore, Dr.

5    Wainner's reference to a consultative examination is harmless error.  *See Molina v. Astrue*, 674 F.3d

6    1104, 1115 (9th Cir. 2012) ("ALJ's error is harmless where it is inconsequential to the ultimate

7    nondisability determination." (internal quotation marks omitted)).

8    In regards to Nurse Bailey's opinion, the ALJ was not required to provide reasons for

9    discounting it because she is not an accepted medical source.  *See* 20 C.F.R. § 416.913(d)(1)

10   (defining nurse practitioners as "other sources," as opposed to "acceptable medical sources").  In

11   addition, the ALJ did not ignore Nurse Bailey's opinion, but rather explained that he was giving it

12   less weight because it conflicted with examining acceptable medical source opinions and with the

13   weight of the evidence.  AR 26.  The ALJ found that Nurse Bailey's opinion was inconsistent with

14   her own treatment records.  AR 26.  The ALJ noted that Nurse Bailey's findings that Plaintiff could

15   never twist, stoop, or crouch were not supported by her own treatment notes or the objective

16   medical record.  AR 22-28.  These were adequate reasons to reject the nurse's opinion.  *See Johnson*

17   *v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (doctor's opinion may be rejected because it is self-

18   contradictory).  In addition, the ALJ correctly found that Nurse Bailey's conclusion that Plaintiff

19   was unable to work is not a medical opinion, but an administrative finding reserved to the

20   Commissioner.  AR 26.  *See Martinez v. Astrue*, 261 Fed. App'x 33, 35 (9th Cir. 2007) ("[T]he

21   opinion that [the plaintiff] is unable to work is not a medical opinion, but is an opinion about an

22   issue reserved to the Commissioner.  It is therefore not accorded the weight of a medical opinion."

23   (citing 20 C.F.R. § 404.1527(e)(1)).

24   Accordingly, the ALJ did not err by choosing not to credit the opinion of Nurse Bailey.

25   **B.  Plaintiff's Testimony**

26   Plaintiff argues that the ALJ failed to properly evaluate and credit Plaintiff's testimony.

27   According to Plaintiff, the ALJ rejected Plaintiff's testimony regarding her functional limitations

28

**United States District Court**
For the Northern District of California

1  even though there was objective medical evidence of underlying impairments that could reasonably

2  be expected to produce those symptoms.

3  Congress has prohibited granting disability benefits based on a claimant's subjective

4  complaints. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529(a). "An ALJ cannot be required to

5  believe every allegation of [disability], or else disability benefits would be available for the asking, a

6  result plainly contrary to [the Social Security Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.

7  1989). An ALJ is required to make specific credibility findings. *See* SSR 96-7p, 1996 WL 374186

8  (July 2, 1996). The credibility finding must be properly supported by the record and sufficiently

9  specific to ensure a reviewing court that he did not "arbitrarily discredit" a claimant's subjective

10 testimony. *Thomas*, 278 F.3d at 958.

11 Here, the ALJ provided several reasons for finding Plaintiff not fully credible, and his

12 reasons are supported by substantial evidence. AR 20-23. First, the ALJ discounted Plaintiff's

13 testimony of disabling problems based on examination results. AR 22-25. *See* 20 C.F.R. §

14 416.929(c)(2) (objective medical evidence can be used in determining credibility). MRI findings

15 and x-rays were largely normal with some degeneration. AR 24-25, 417, 500-02, 514, 577-80.

16 Although Plaintiff complained of pain and an inability to stand and walk because of pain in her feet,

17 physical examinations revealed Plaintiff's gait was normal and she had a full range of motion. AR

18 401.

19 Second, the ALJ noted that Plaintiff has been treated conservatively for alleged disabling

20 pain. Plaintiff has been asked to do stretching exercises and treated with medication. Plaintiff

21 stated at times that the medication helped her with the pain. AR 26, 396. An ALJ may consider the

22 conservative nature of a claimant's treatment when evaluating the impairment's limiting effects.

23 *See* 20 C.F.R. § 416.929(c)(3)(v); *Shalala*, 60 F.3d at 1434 (upholding ALJ's finding that

24 "conservative treatment" suggested "a lower level of both pain and functional limitation").

25 Accordingly, the ALJ properly evaluated Plaintiff's testimony.

26 **C. Third-Party Statements**

27 Plaintiff's boyfriend, Christopher Blair, completed two third-party statements regarding the

28 impact of Plaintiff's impairments on her ability to function. The ALJ did not address these third-

6

**United States District Court**
For the Northern District of California

party statements.  Plaintiff argues that the ALJ rejected Blair's observations without providing

legitimate and germane reasons for doing so.

An ALJ is required to give "germane" reasons for rejecting lay witness testimony. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006).   Here, however, Blair's function report essentially mirrored Plaintiff's function report. *Compare* AR 193-202, *with* AR 203-13.  Similar to Plaintiff, Blair reported that Plaintiff could lift at most five pounds.  AR 194.  Blair reported that Plaintiff could not walk, lift, sleep, carry, or sit for an extended period of time.  AR 195-96, 198.  Blair reported that Plaintiff used a cane for support and walking, and that she enjoyed feeding the birds in the park.  AR 200-01.  Plaintiff reported many of these limitations noted by Blair and the ALJ considered these limitations in his opinion.  AR 21-25, 206-13.  The ALJ gave clear and convincing reasons for rejecting Plaintiff's subjective complaints, as discussed above, which apply to Blair's function report. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony." ).

## CONCLUSION

For the foregoing reasons, the Court finds that the final decision of the Commissioner is supported by substantial evidence and free of legal error.  Accordingly, Plaintiff's motion for summary judgment is DENIED and Defendant's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated:  September 24, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

1

**C13-02997 HRL** **Notice will be electronically mailed to:**

2

Alex Gene Tse      alex.tse@usdoj.gov, kathy.terry@usdoj.gov, USACAN.SSA@usdoj.gov

3

Bess M. Brewer      besshelena@earthlink.net

4

Sundeep Ravindra Patel      sundeep.patel@ssa.gov, ODAR.OAO.COURT.1@ssa.gov,
sf.ogc.ndca@ssa.gov

5

6

**Counsel are responsible for distributing copies of this document to co-counsel who have not
registered for e-filing under the court's CM/ECF program.**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California